UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60599
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT A. CARTER, SR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
_____

July 24, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Robert A. Carter, Sr., appeals his conviction of conversion of government property. He contends that the district court erred by denying his motion for a judgment of acquittal and by imposing restitution in the amount of the insurance proceeds he converted.

The deed of trust gave the Veterans Administration (V.A.) control over the disposition of Carter's insurance proceeds; the second deed of trust with Southern Federal did not diminish the

_____

     [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

V.A.'s control. The V.A. attempted to exercise its control by electing to apply the proceeds to Carter's indebtedness. The V.A. contemplated and manifested control of the proceeds. See United States v. Evans, 572 F.2d 455, 472 (5th Cir.), cert. denied, 439 U.S. 870 (1978). Carter's challenge to the sufficiency of the evidence to support his conviction thus is unconvincing.

The property at issue in Carter's case was the insurance proceeds of $33,259.50; the district court imposed restitution in that amount. The foreclosure and subsequent sale of the insured real estate, while not necessarily irrelevant to restitution, were found by the trial court not to have been adequately proved in the PSR. The court was entitled to conclude also that the real estate and the mortgages related to it were not the properties forming the basis of Carter's conviction. Carter converted $33,259.50 in funds rightfully belonging to the V.A. to his own use. The V.A. lost at least that amount. Carter's argument for a net restitution amount of $8,795.50 make no sense. The restitution portion of Carter's sentence was not an abuse of discretion. United States v. Reese, 998 F.2d 1275, 1282 (5th Cir. 1993).

AFFIRMED